UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS LEVERN PENNY,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY, et al.,<br><br>Defendants. | Case No. 19-cv-06981-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket Nos. 1, 4 |

## I. INTRODUCTION

Louis Levern Penny, an inmate at the Santa Rita Jail in Alameda County, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A. His motion for appointment of counsel is also before the Court for consideration.

## II. BACKGROUND

Mr. Penny alleges in his complaint that he was attacked by Alameda County Sheriff's Deputy Pereira, apparently on April 30, 2019. *See* Docket No. 1 at 13 (inmate grievance). Deputy Pereira allegedly entered the cell "and began to attack and assault Penny." *Id.* at 8. Mr. Penny allegedly attempted to close the cell door to avoid physical contact, but deputy Pereira pulled the door open and then repeatedly kicked and punched Mr. Penny, even after Mr. Penny "was subdued on the floor in handcuffs." *Id.* at 8-9.

Mr. Penny further alleges that five to six deputies, who he refers to as the "et al. Defendants," were "called to come restore order" and used "frightening measures of unnecessary uncalled for excessive force." *Id.* at 9.

Mr. Penny names Alameda County as a defendant in the caption of his complaint, but

states in the text of his complaint that he is dismissing that defendant. *Id.* at 3.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979). Liberally construed, the allegations that deputy Pereira punched and kicked Mr. Penny state a cognizable claim against deputy Pereira for excessive force in violation of Mr. Penny's right to due process.

Mr. Penny lists Alameda County in the caption of his complaint, but then states on the third page of his complaint that he "wish[es] to withdraw Alameda County at this time." Docket No. 1 at 3. There are no allegations against the county. Alameda County therefore is **DISMISSED** from this action.[1]

---

[1] If he wants to name Alameda County as a defendant in his amended complaint, Mr. Penny is now informed that local governments, such as Alameda County, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific

2

Mr. Penny also alleges that five or six unknown deputies, who he refers to as the "et al. Defendants" "use[d] frightening measures of unnecessary uncalled-for excessive force." Docket No. 1 at 3, 9. There are two problems with this allegation. The first problem is that Mr. Penny does not allege *facts* in support of his conclusory allegation that these deputies used excessive force. If he wants to sue those deputies, he must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining specifically what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

The second problem with the allegation against the "et al. Defendants" is that defendants whose names are unknown should be referred to as John Doe and Jane Doe defendants, rather than "et al. Defendants." (The phrase "et al." simply means "and others.") If there are multiple unknown persons, they should be numbered, such as John Doe # 1, John Doe # 2, etc., so that each Doe defendant corresponds with a specific person. The use of "John Doe" or "Jane Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes is necessary when a plaintiff cannot discover the identity of the defendant before filing the complaint. Although the use of a John Doe or Jane Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a John Doe or Jane Doe defendant designation creates its own problem: that person cannot be served

---

nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636-68. Mr. Penny is cautioned that he must be careful to allege the specific policy, custom or practices of the municipal entity that he contends give rise to liability.

with process until he or she is identified by his or her true name. The burden remains on the plaintiff to identify the defendant; the Court will not undertake to investigate the name and identity of an unnamed defendant. The Court will provide an extended length of time for Mr. Penny to file his amended complaint so that he will have the time to try to learn the name of the persons who allegedly violated his rights. It is expected that his amended complaint will contain the true names of the individuals that comprise the group currently listed as the "et al. Defendants" If Mr. Penny files an amended complaint using John Doe or Jane Doe designations (rather than providing the true names of those individuals), he must at that same time inform the Court of each and every step he took to try to learn the name of each of those Doe defendants.

In several places in his complaint, Mr. Penny suggests that the Court can learn more about his claim by, for example, obtaining body-camera recordings. *See* Docket No. 1 at 8, 9, 12. The Court does not gather evidence for litigants; rather, it is the litigants' duty to gather their own evidence and to present it to the Court for consideration. Litigants may use the discovery tools set out in Federal Rules of Civil Procedure 26-37.

Mr. Penny has requested that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Exceptional circumstances are not present at this time because Mr. Penny has been able to adequately articulate his claims and there does not appear to be a likelihood of success on the merits. Mr. Penny's request for appointment of counsel to represent him in this action therefore is **DENIED**. Docket No. 4.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the complaint is dismissed with leave to amend. Mr. Penny's amended complaint must be filed no later than **May 1, 2020**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.

4

Mr. Penny is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of all defendants and claims except the excessive force claim against deputy Pereira.

Plaintiff's motion for appointment of counsel is **DENIED**. Docket No. 4.

**IT IS SO ORDERED**.

Dated: March 11, 2020

_____
EDWARD M. CHEN
United States District Judge