UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS LEVERN PENNY,<br>       Plaintiff,<br>v.<br>J. PEREIRA, et al.,<br>       Defendants. | Case No. 19-cv-06981-EMC<br><br>**ORDER OF SERVICE**<br>Docket No. 14 |

## I. INTRODUCTION

Louis Levern Penny, an inmate at the Santa Rita Jail in Alameda County, filed this *pro se* civil rights action under 42 U.S.C. § 1983 to complain about events and omissions at the jail. The Court dismissed the complaint with leave to amend so that Mr. Penny could cure several pleading deficiencies. He then filed an amended complaint, which is now before the Court for review under 28 U.S.C. § 1915.

## II. BACKGROUND

Mr. Penny alleges in his amended complaint that he was attacked by Alameda County Sheriff's Deputy Pereira on April 30, 2019. *See* Docket No. 14 at 9-10. Deputy Pereira allegedly unlocked the cell door, entered, and then kicked and punched Mr. Penny. Deputy Wong, who had come with Deputy Pereira, had his taser pointed at Mr. Penny and did not try to prevent Deputy Pereira from attacking Mr. Penny. *Id.* at 10. Later that day, an unknown deputy kicked Mr. Penny's paperwork around and spilled a soapy solution his property. *Id.* at 11.

## III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979). To prove an excessive force claim under § 1983, a pretrial detainee must show that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

Officers not directly involved in the use of excessive force may nonetheless "have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (quoting *United States v. Koon,* 34 F.3d 1416, 1447 n.25 (9th Cir.1994), *rev'd on other grounds,* 518 U.S. 81 (1996)). However, officers can be held liable for failing to intercede only if they had a realistic opportunity to intercede. *Id.*

Liberally construed, the allegations that deputy Pereira punched and kicked Mr. Penny state a cognizable due process claim against deputy Pereira for excessive force. Liberally construed, the allegations that deputy Wong stood by and failed to intervene to stop deputy Pereira from attacking Mr. Penny state a cognizable due process claim against deputy Wong.

The allegations that an unknown deputy later kicked Mr. Penny's paperwork around and

1 spilled a soapy substance on his property do not state a cognizable §1983 claim. Neither the
2 negligent nor intentional deprivation of property states a due process claim under § 1983 if the
3 deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981)
4 (no due process violation where state employee negligently lost prisoner's hobby kit), *overruled in
5 part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)1; *Hudson v. Palmer*, 468
6 U.S. 517, 533 (1984) (unauthorized intentional destruction of inmate's property not a due process
7 violation where the state provides an adequate post-deprivation remedy). The availability of an
8 adequate state post-deprivation remedy precludes relief because it provides sufficient procedural
9 due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides such an
10 adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994)
11 (citing Cal. Gov't Code §§ 810-895). The § 1983 claim for the damage to, or destruction of, Mr.
12 Penny's property by an unknown deputy is dismissed.

### IV.    CONCLUSION

1.    The amended complaint, liberally construed, states a cognizable Fourteenth Amendment claim against Deputy Pereira and Deputy Wong for the use of excessive force. All other claims and defendants are dismissed.

2.    The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint, and a copy of all the documents in the case file upon the following defendants, both of whom apparently work at the Santa Rita Jail:

- Alameda County Sheriff's Deputy Pereira (badge # 2320)
- Alameda County Sheriff's Deputy Wong (badge # 2388)

3.    In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a.    No later than **April 9, 2021,** Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to

3

Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

      b.     Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **May 7, 2021**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

      c.     If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **May 21, 2021**.

4.     Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If Defendants file a motion for summary judgment for failure to exhaust administrative remedies, it is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's case will be dismissed and there will be no trial.

5.     All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's

4

counsel has been designated, Plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to the party.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: February 17, 2021

EDWARD M. CHEN
United States District Judge